PROB 12B
(7/93)

Report Date: May 18, 2010

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 28 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| Name of Offender: Jasper Courtney Strong | Case Number: 2:99CR02132-001 |

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, U.S. District Judge

| | |
|---|---|
| Date of Original Sentence: 11/21/2000 | Type of Supervision:  Supervised Release |
| Original Offense: Second Degree Murder | Date Supervision Commenced: 12/1/2009 |
| Original Sentence: Prison - 135 Months;  TSR - 36 Months | Date Supervision Expires: 11/30/2012 |

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

> The defendant shall reside in and satisfactorily participate in a residential reentry center program to include prerelease component and day reporting program participation, if determined appropriate by program manager or the U.S. probation officer, as a condition of supervision for up to 120 days or until discharged by the Program Manager with the approval of the U.S. Probation Officer. The defendant may be responsible for a 25 percent gross income subsistence fee. Note: The subsistence will be reduced to 10 percent in the event the defendant is moved to day reporting.

### CAUSE

On February 19, April 20, and April 28, 2010, Mr. Strong failed to appear for scheduled testing. He has also failed to call the telephone call-in system since April 28, 2010. While Mr. Strong has missed three tests, he has also submitted six negative tests. He has never submitted a positive test for drugs or alcohol use.

On Aril 13, 2010, the probation office attempted to conduct a home contact. Mr. Strong's cousin answered the door and stated Mr. Strong was not home. She was given a business card and asked to have Mr. Strong contact the probation Office. He did so, and indicated he was trying to find work and continuing with correspondence courses on-line. On April 21, 2010, a home contact was again attempted. The last attempt was made on April 30, 2010, with no contact.

On May 11, 2010, the probation office called Mr. Strong and directed him to report to the office. He did so, and admitted he had moved in with another cousin. He said he has been busy with school and seeking work and forgot to notify the supervising probation officer, call the drug line, or remember to make supervision a priority.

Mr. Strong agreed to a modification of supervision to add the condition he reside in and satisfactorily participate in a residential reentry center program for up to 120 days. He signed a waiver of hearing to modify conditions of supervised release, which is attached for review.

Prob 12B
**Re: STRONG, Jasper Courtney**
**May 18, 2010**
**Page 2**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 18, 2010

s/Rebecca M. Nichols

Rebecca M. Nichols
Supervising U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

5/28/10
Date

PROB 49
(5/97)

# United States District Court

WESTERN District of Washington
Docket Number: 2:99CR02132-001

### Waiver of Hearing to Modify Conditions of Supervised Release

I, JASPER COURTNEY STRONG, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

> The defendant shall reside in and satisfactorily participate in a residential reentry center program to include prerelease component and day reporting program participation, if determined appropriate by Program Manager or the U.S. Probation Officer, as a condition of supervision for up to 120 days or until discharged by the Program Manager with the approval of the U.S. Probation Officer. The defendant may be responsible for a 25% gross income subsistence fee. Note: The subsistence will be reduced to 10% in the event the defendant is moved to day reporting.

Witness: _____  Signed: _____
U.S. Probation Officer                               Supervised Releasee

_____
5/11/10
Date